UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MARIE E. WALTERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No.  1:16-cv-231-WTL-MJD |
| | ) |
| **NANCY A. BERRYHILL, Acting** | ) |
| **Commissioner of Social Security,**[1] | ) |
| | ) |
| Defendant. | ) |

ENTRY ON JUDICIAL REVIEW

Plaintiff Marie E. Walters requests judicial review of the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Walters's application for Disability Insurance Benefits ("DIB") and Supplemental Security Insurance Benefits ("SSI") under Titles II and XVI of the Social Security Act ("the Act").  The Court, having reviewed the record and the briefs of the parties, now rules as follows.

I.  PROCEDURAL HISTORY

Walters protectively filed for SSI and DIB on October 11, 2012, alleging she became disabled on December 31, 2001.[2]  Walters's application was denied initially on November 28, 2012, and again upon reconsideration on March 20, 2013.  Following the denial upon reconsideration, Walters requested and received a hearing before an Administrative Law Judge

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill automatically became the Defendant in this case when she succeeded Carolyn Colvin as the Acting Commissioner of Social Security on January 23, 2017.

[2] Although Walters filed for SSI and DIB, the ALJ found that the evidence failed to establish impairments prior to Walters's date last insured, making Walters ineligible for DIB. Record at 20.  She does not appeal this determination.

("ALJ"). The hearing, during which Walters was represented by counsel, was held on January 14, 2014, before ALJ John R. Allen by video conference. The ALJ issued his decision on April 15, 2014, denying Walters's claims. Walters requested review by the Appeals Council, and on November 24, 2015, the Appeals Council denied review of the ALJ's decision. Thereafter, Walters filed this timely appeal.

## II.   APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i).[3] At step two, if the claimant does not have a "severe" impairment (*i.e.*, one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the Commissioner determines whether the claimant's impairment or combination of

---

[3] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to SSI sections only, with the exception of DIB section cites where they provide information beyond that found in the SSI sections. Additionally, the Court notes that various Social Security Regulations and related Social Security Rulings were rescinded or amended effective March 27, 2017; however, the previous versions, as cited here, remain applicable to this case because Walters's claim was filed prior to that date.

impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled, 20 C.F.R. § 416.920(a)(4)(iii). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony presented," he must "provide an accurate and logical bridge between the evidence and [his] conclusion that a claimant is not disabled." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). "If a decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, a remand is required." *Id.* (citation omitted).

### III.     ALJ ALLEN'S DECISION

ALJ Allen determined at step one that Walters had not engaged in substantial gainful activity since December 31, 2001, the alleged disability onset date. R. at 20. At step two, the ALJ concluded that Walters had the severe impairments of depression, anxiety, degenerative disc disease, and obesity, *id.* at 21, as well as the non-severe impairments of neck and shoulder

3

problems and sleep apnea, *id.* At step three, the ALJ determined that Walters's impairments or combination of impairments did not meet or equal any Listing. *Id.* at 21-22. At step four, the ALJ determined that Walters had the following residual functional capacity ("RFC"):

> [T]he claimant has the [RFC] to perform medium work . . . except the claimant is limited to: simple, routine repetitive tasks, superficial contact with coworkers and the general public, occasional changes in work setting or assignment, and jobs that do not involve fast-paced production-type work.

*Id.* at 22.

The ALJ determined that Walters was unable to perform past relevant work as a cashier, but would be capable of performing medium demand level work that exists in significant numbers in the national economy. *Id.* at 26-27. Accordingly, the ALJ concluded that Walters was not disabled as defined by the Act.

## IV. EVIDENCE OF RECORD

The ALJ's decision in combination with Walters's briefs (Dkt. Nos. 15 & 25) aptly set forth the medical evidence of record, which need not be recited here.[4] Specific facts are introduced in the discussion section below where relevant.

## V. DISCUSSION

In her brief in support of her Complaint, Walters argues that the ALJ (1) failed to include Walters's moderate limitation in concentration, persistence, and pace in the hypothetical question he posed to the vocational expert at the hearing and (2) erred in giving no weight to the opinion of Amanda Whitten, one of Walters's mental health counselors.

---

[4] Because Walters does not challenge the ALJ's findings regarding her physical limitations, those are not discussed.

      A.      **Failure to Account for Concentration, Persistence, and Pace Limitations**

Walters argues that the ALJ failed to address with the vocational expert the moderate limitations he found with respect to Walters's concentration, persistence, and pace. The Court agrees. Once the ALJ found that those limitations existed, he was required to account for them in his RFC and in his hypothetical questions to the vocational expert. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010) ("Among the limitations the [vocational expert] must consider are deficiencies of concentration, persistence and pace."); *Stewart v. Astrue,* 561 F.3d 679, 684 (7th Cir. 2009) ("the [hypothetical] question must account for documented limitations of 'concentration, persistence, or pace'") (collecting cases) (cited in *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014)). While the ALJ included in his RFC and hypothetical questions a limitation to simple, repetitive tasks; a restriction to jobs that do not involve fast-paced production; limiting changes in work setting or assignment to "occasional"; and requiring only superficial interaction with co-workers and the general public, he did not explain why he believed the evidence indicated that those restrictions accounted for Walters's moderate difficulties with concentration, persistence, and pace. Moreover, it is not clear to the Court that the RFC and hypothetical questions address the moderate limitations in each of the categories of concentration, persistence, and pace. These omissions should be corrected on remand. *See Taylor v. Colvin*, 829 F.3d 799, 802 (7th Cir. 2016) (noting Seventh Circuit's "rejection of the view that 'confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace'") (citing *Yurt*, 758 F.3d at 858-59).

### B.     Whitten's Opinion

Walters argues that the ALJ erred when he gave no weight to her counselor's opinion. Whitten, Walters's counselor, is not an "acceptable medical source," as defined by 20 C.F.R. § 416.902.  For purposes of the regulation, Whitten falls into the "other sources" category.  The ALJ "may use evidence from 'other sources' . . . to show the severity of the individual's impairment(s) and how it affects the individual's ability to function." SSR 06-03p.[5]  Opinions of "other sources" are not entitled to controlling weight, but "depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source." *Id.* (citing 20 C.F.R. §§ 404.1527 and 416.927).

Whitten completed a "medical source statement," in which she indicated that Walters would miss more than three days of work per month due to her impairments. *See* R. at 585.  The ALJ noted that Whitten also indicated that Walters would need unscheduled breaks and would have difficulty dealing with others in a work setting. R. at 24 (citing R. at 583-88).  The ALJ gave no weight to Whitten's opinion because she is not an acceptable medical source.  He further explained that her opinion was otherwise unpersuasive "for the same reasons outlined above, given the extent of the claimant's admitted daily activities, the primary care notes, and the documented improvement in the claimant's condition." *Id.*  The "reasons outlined above" included an increase in Walters's global assessment of functioning ("GAF") scores, which indicated improvement over time; reports that she had done well in therapy; and notes from her

---

[5] SSR 06-3p is applicable to this case because Walters's claim was filed prior to March 27, 2017.  *See* 82 Fed. Reg. 15263-01 (March 27, 2017).

6

primary care provider that described her depression as "stable" and "improved," noted her mental status as "normal," and did not document the symptoms Walters had reported to a treating psychologist. *See*, *id.*

Walters argues that her improved GAF scores and the lack of mental health information in her primary care provider's notes should not form the basis for discounting Whitten's opinion because they are "not substantial evidence to discount [that opinion]." Dkt. No. 15 at 18; 20. Walters notes that, although her GAF scores increased, they were not inconsistent with Whitten's opinion: "A GAF rating of 50 does not represent functioning within normal limits, nor does it support a conclusion that [Walters] is mentally capable of sustaining work." *Id.* at 18 (citation omitted). Walters also points out that she visited her primary care provider primarily for physical conditions, not mental health issues, so the lack of documentation of her mental health issues in such records should not provide a basis for discounting her mental health providers' opinions. *Id.* at 19. Walters further disputes the ALJ's assessment that her daily living activities "are not indicative of a totally disabled individual." *Id.* at 16 (citing R. at 24). She argues that the ALJ failed to evaluate evidence of her need for help with daily activities, including evidence that her children helped with chores and making meals and that she needed encouragement to complete tasks because she was not motivated. *Id.* at 16-17. Walters further argues that the ALJ did not explain how her daily living activities were inconsistent with Whitten's evaluation that Walters would miss more than three days of work per month due to her mental impairments. *Id.* at 16.

Generally, Walters contends that the ALJ should have evaluated the factors found in SSR 06-03p when he determined the weight to be given to Whitten's opinion. SSR 06-03p does not require that the ALJ expressly evaluate each of the factors discussed in the regulations:

"Although the factors . . . explicitly apply only to the evaluation of medical opinions from 'acceptable medical sources,' these same factors *can* be applied to opinion evidence from 'other sources.'" SSR 06-03p (emphasis added). At the same time, SSR 06-03p recognizes that the "factors represent basic principles that apply to the consideration of all opinions from medical sources who are not 'acceptable medical sources' as well as from 'other sources.'" With this general principle in mind, the Court makes no determination about whether the weight given to Whitten's opinion was sufficient, but advises the ALJ to apply the factors to his evaluation of Whitten's opinion on remand.

## VI.     CONCLUSION

For the reasons set forth above, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further proceedings consistent with this Entry.

SO ORDERED: 3/30/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification