UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARIE E. WALTERS, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 1:16-cv-231-WTL-MJD |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

## ENTRY ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Pending before the Court is Plaintiff Marie E. Walters motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. section 2412 (Dkt. No. 28). Initially, Walters requested fees at a rate of $190.00 per hour for 52.50 hours of work, totaling $9,975.00. Dkt. No. 28 at 1. She later supplemented her original motion for attorneys' fees after having reviewed the Commissioner's response and briefed her reply. *See* Dkt. No. 37. Walters now requests $10,830.00 in fees, for 57 hours of work at a rate of $190.00 per hour. *Id.* at 1. The motions are fully briefed and the Court, being duly advised, **DENIES** Walters's motion for the reasons set forth below.

Walters appealed to this Court after the Commissioner adopted the decision of an Administrative Law Judge ("ALJ") finding that she was not disabled. This Court determined that remand was required because the AJL "did not explain why he believed the evidence indicated that [the] restrictions [included in the RFC and his hypothetical questions to the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill automatically became the Defendant in this case when she succeeded Carolyn Colvin as the Acting Commissioner of Social Security on January 23, 2017.

vocational expert] accounted for Walters's moderate difficulties with concentration, persistence, and pace" or whether those restrictions in the RFC and hypothetical questions were meant to address limitations in concentration, persistence, or pace. Dkt. No. 26 at 5.

Pursuant to the EAJA, a successful litigant against the federal government is entitled to recover her attorney fees if 1) she was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there exist no special circumstances that would make an award unjust; and 4) she filed a timely application. 28 U.S.C. § 2412(d)(1)(A), (B).

The Commissioner argues that a fee award is not appropriate in this case because her position was substantially justified. She has the burden of proving that her pre-litigation conduct (which includes the ALJ's decision) and her litigation position were substantially justified. *Cunningham v. Barnhart*, 440 F.3d 862, 863–64 (7th Cir. 2006). "In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and her legal theory." *Id.* at 864 (citing *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988)). Additionally, the Commissioner's position need not have been correct to be substantially justified. *Pierce*, 487 U.S. at 569 ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (quoting *Pierce*, 487 U.S. at 565 (quotations omitted)).

The Commissioner argues that "the Court's analysis indicates that the agency had a rational basis for believing it could defend the ALJ's decision," and this Court agrees. Dkt. No.

33 at 3. The ALJ included in his hypothetical to the vocational expert a number of restrictions that he may have believed accounted for Walters's moderate difficulties with concentration, persistence, and/or pace. *See* R. at 22. The AJL's position was not unreasonable: "[R]easonable people could differ" as to whether his hypothetical addressed Walters's limitations, making the ALJ's position substantially justified. *Stein*, 966 F.2d at 320. In fact, this Court did not agree that the restrictions identified in the hypothetical necessarily addressed Walters's difficulties. *See* Dkt. No. 26 at 5. Because it was not entirely clear to the Court that they did, the Court stated that the ALJ "did not explain why he believed the evidence indicated that those restrictions accounted for Walters's moderate difficulties with concentration, persistence, and pace," and it directed the ALJ to correct those omissions on remand. *Id.* That the ALJ did not fully explain his reasoning "in no way necessitates a finding [that] the [Commissioner]'s position was not substantially justified." *Stein*, 966 F.2d at 320.

There was evidence to warrant the Commissioner's position in support of the ALJ's decision. As the Commissioner notes, the ALJ included in the RFC finding and hypothetical question to the vocational expert several specific restrictions. Dkt. No. 33 at 4 (citing R. at 22). The Court simply concluded that addressing this particular set of restrictions in the hypothetical question to the vocation expert, without further explanation, was not sufficient to show that the ALJ addressed Walters's concentration, persistence, or pace limitations. While the Court ultimately determined that error occurred, the Commissioner's position in support of the ALJ's decision was not unreasonable. A genuine dispute existed.

The Court agrees with the Commissioner that his position was substantially justified in this case, "even though the ALJ was not as thorough in his analysis as he could have been." *Cunningham*, 440 F.3d at 865. Therefore, the Court believes that this is the type of case in which

3

an award of fees and costs is not appropriate under the EAJA despite the Commissioner's loss. Accordingly, applying the standard mandated by the EAJA, Walters's petition for fees must be **DENIED**.

SO ORDERED: 9/29/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification